IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GEORGE B. MATCHETT,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>        Defendant. | Civil No. 18-134 (RMB)<br><br>**MEMORANDUM OPINION & ORDER** |

**BUMB**, United States District Judge:

This matter comes before the Court upon an appeal by Plaintiff George Matchett from a denial of social security disability benefits on September 9, 2016, which was upheld by the Appeals Council on December 6, 2017. [Record of Proceedings, "R.P.", p. 1-7]

For the reasons set forth below, the Court vacates the decision of the Administrative Law Judge ("ALJ") and remands for proceedings consistent with this Memorandum Opinion and Order's reasoning.

I. <u>**STANDARD OF REVIEW**</u>

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual

decisions if they are supported by "substantial evidence." Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Cons. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. See Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. Sykes, 228 F.3d at 262 (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a
> disability only if his physical or mental impairment
> or impairments are of such severity that he is not
> only unable to do his previous work but cannot,
> considering his age, education, and work experience,

2

engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). In Plummer, 186 F.3d at 428, the Third Circuit described the Commissioner's inquiry at each step of this analysis:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987).
>
> In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that [his] impairments are "severe," she is ineligible for disability benefits.
>
> In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.
>
> Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume her former occupation, the evaluation moves to the final step.

At this [fifth] stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523. The ALJ will often seek the assistance of a vocational expert at this fifth step. See Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984).

## II. **FACTUAL BACKGROUND**

The Court recites only the facts that are necessary to its determination on appeal, which is narrow.

Plaintiff was born in 1952, and was 51 years old at the alleged onset date. [R.P., p. 74-75]

A disability hearing was held on February 10, 2016. The ALJ heard testimony from Plaintiff and the Vocational Expert. The administrative record also contains medical records documenting Plaintiff's ailments. Among other things, Plaintiff's medical records reflect diagnoses of adjustment disorder and major depressive disorder. [Ex. 5F, 8F, 9F]

## III. **ALJ'S DETERMINATION**

The ALJ concluded that "the claimant was not disabled under sections 216(i) and 223(d) of the Social Security Act through March 31, 2007, the last date insured." [R.P., p. 61] The ALJ

found at step two of the five-step sequential analysis that Plaintiff's adjustment disorder and "major depressive disorder, single episode, severe with psychotic features" were severe impairments. [R.P., p. 51]  The ALJ proceeded to conclude that Plaintiff did not meet the requirements of any listed impairment, and then determined Plaintiff's residual functional capacity. Relevant to the instant appeal, the ALJ limited Plaintiff "to work . . . that requires no interaction with the public and only occasional interaction with co-workers, with such interaction limited to a brief, superficial basis."  [R.P., p. 54] Importantly, the residual functional capacity determination is silent as to Plaintiff's ability to interact with supervisors.

## IV.  **ANALYSIS**

Plaintiff argues that the ALJ's residual functional capacity determination is not supported by substantial evidence because it does not fully and adequately incorporate the medical evidence concerning Plaintiff's "interpersonal difficulties."  [Appeal Brief, Dkt #9, p. 21]  Plaintiff asserts that there is no evidentiary basis for the disparity between strictly limiting Plaintiff's interactions with the public and co-workers on one hand, and, on the other hand, placing no restrictions at all on Plaintiff's interactions with supervisors.

In response, the Commissioner asserts that "there is no evidence to support Plaintiff's suggestion that he could not

interact with supervisors." [Opposition Brief, Dkt #12, p. 20]

The Commissioner is incorrect; there is evidence to support Plaintiff's contention that Plaintiff could not interact with supervisors. Indeed, such evidence was discussed and "given significant weight" by the ALJ in her written decision. [R.P., p. 57] Specifically, the ALJ discussed the opinion of clinical psychologist Carol Schober, writing: "Dr. Schober noted [claimant's] social functioning was limited by his low mood and anxiety. She expressed the opinion that . . . in a work setting [the claimant] would not be able to interact appropriately with the public, co-workers, *and supervisors* unless it was a very supportive environment where he could work independently and separate himself from others when he needed to." [Id., emphasis added][1]

The ALJ's decision does not explain why the residual functional capacity determination omits any limitation on interactions with supervisors, even when the ALJ expressly gave "significant weight" to the evidence that "in a work setting [the claimant] would not be able to interact appropriately with the public, co-workers, and supervisors." [R.P., p. 57]

---

[1] Similarly, the ALJ also observed in her written decision that another mental health professional reported that Plaintiff "was easily irritated, prone to conflict with peers, did not handle change well, and [sic] had anger issues, and had limitations in social interaction and adaptation," although the ALJ only afforded "limited weight" to this evidence. [R.P., p. 58]

6

Moreover, the record suggests that such omission could have been outcome determinative in this case.  The Vocational Expert testified that, while he could "find jobs that are not working with the public and isolate yourself pretty much from coworkers," the same could not be said for supervisors.  [R.P., p. 109]  He explained: "[w]ith supervisors, I can't [find jobs].  Supervisors interact when they want to and the person can interact.  They aren't usually going to be able to maintain full-time employment." [Id.]

"The Third Circuit has held that access to the Commissioner's reasoning is [] essential to a meaningful court review."  Sanford v. Comm'r of Soc. Sec., No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014)(citing Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978)); see also Stockett v. Comm'r of Soc. Sec., 216 F. Supp. 3d 440, 456 (D.N.J. 2016)("The Third Circuit 'requires the ALJ to set forth the reasons for his decision.'")(quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 123 (3d Cir. 2000))(Bumb, D.J.).  The Court cannot determine on the present record why the ALJ did not include in the residual functional capacity determination a limitation on interaction with supervisors when the evidence--to which the ALJ gave significant weight-- would appear to support such a limitation, consistent with the limitations the ALJ placed on

interactions with the public and co-workers.  It may well be the case that, upon remand, the ALJ will arrive at the same ultimate decision that Plaintiff is not disabled.  At this juncture, however, the ALJ must provide additional explanation for the decision.  As such, the Court **vacates** the decision of the ALJ and **remands** for proceedings consistent with the above analysis.

**ACCORDINGLY**, it is on this  13th  day of February, 2018,

**ORDERED** that the decision of the Administrative Law Judge is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Memorandum Opinion; and it is further

**ORDERED** that the Clerk of Court shall close this case.

                                        ___s/ Renée Marie Bumb___
                                        RENÉE MARIE BUMB, U.S.D.J.